# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ROSETTA WEBB,** | ] |
| **Plaintiff,** | ] |
| v. | ] |
| | ]   **CV-12-BE-3758-S** |
| **BAPTIST HEALTH CENTERS, INC.,** | ] |
| **Defendant** | ] |

## MEMORANDUM OPINION

This employment discrimination matter comes before the court on "Defendant's Motion to Stay the Proceeding and Compel Arbitration." (Doc. 4). The court finds that Defendant's Motion to Stay is due to be DENIED and the Motion to Compel Arbitration is due to be GRANTED, as further set out in this opinion.

## I.  PROCEDURAL HISTORY

On October 31, 2012, the *pro se* Plaintiff filed a Complaint (doc. 1) against Defendant, her employer, alleging employment discrimination based on race. She also filed a motion for leave to proceed *in forma pauperis* (doc. 2), which this court granted (doc. 3). On November 7, 2012, the Defendant filed the instant motion, attaching the following exhibits:  Exhibit 1 - Dispute Resolution Program; Exhibit 2 - Acknowledgment of Receipt of Dispute Resolution Program with a signature purporting to be that of Rosetta Webb and dated September 2, 2008;

Exhibit 3 - Letter from Defendant's counsel to the AAA demanding arbitration and attaching the Complaint in this case.

On November 13, 2012, the court entered an Order to Show Cause why this court should not compel arbitration. (Doc. 6). The Plaintiff thereafter filed her response to the Order. (Doc. 7).

## II. ANALYSIS

In her response to the court's Show Cause Order, the Plaintiff raises several reasons why she believes this case should not be sent to arbitration. Four of the six reasons relate to her financial condition and lack of ability to afford the cost of arbitration. The court notes, however, that the Dispute Resolution Program provides for the Defendant to pay the costs, stating that "BHC agrees the pay the administrative and hearing fees attributable to the arbitration (other than the $50.00 initiation fee) and the Arbitrator's daily rate and expenses unless you object, in which case the parties will share the cost equally." (Doc. 4-1, at 6). In its letter to the AAA demanding arbitration, the Defendant, as initiator, paid the $50.00 initiation fee. Therefore, any objections to arbitration based on Plaintiff's inability to pay for it are moot.

The other two reasons the Plaintiff raises are that "[t]he agreement lacks mutuality of obligation with respect to the arbitration of disputes" and that "[t]he agreement lacks mutual assent and leaves details open for further negotiation thus rendering it voidable."

The court must first determine whether the court itself or the arbitrator addresses the validity of the arbitration agreement. The Plaintiff does not dispute that she signed the acknowledgment of receipt of the contract, which acknowledgment provides in relevant part as follows:

> I acknowledge receipt of the <u>Dispute Resolution Program</u> document. I understand I am obligated to read this document as it governs all future legal disputes between me and Baptist Health Centers as defined in the document. I hereby agree that, except as may be provided in the Dispute Resolution Program, all legal disputes between me and BHC will be submitted to biding arbitration instead of to a court, a judge, and a jury. . . .

(Doc. 4-2, at 2). The Dispute Resolution Program provides in part as follows.

> You and BHC mutually agree to use final and binding arbitration as the sole and exclusive means of resolving all disputes between you. . . .Claims subject to arbitration include, but are not limited to those involving . . .claims under federal; state, or local laws regarding discrimination or harassment. **Your agreement to arbitrate is a condition of your employment at BHC. . . .This Program precludes both you and BHC from going to court to have disputes heard by a judge or a jury.** Arbitration will be administered by the American Arbitration Association ("AAA") or a similar, impartial, independent administration. Unless another administrator is chosen, the arbitration will be conducted pursuant to the AAA's National Rules for the Resolution of Employment Disputes (the "Rules").

(Doc. 4-1, at 2-3).

Generally, the validity of the arbitration agreement is an issue for the court, not the arbitrator, to decide "unless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). However, parties may contract around that general rule by incorporating into the contract a provision that AAA rules apply; because AAA rules provide that the arbitrator decides the issue of whether the arbitration agreement is valid, the incorporation of AAA rules clearly and unmistakably evidences the parties' agreement that the arbitrator and not the judge decides this issue. *See Terminix Int'l Co. v. Palmer Ranch Ltd. P'ship,* 432 F.3d 1327, 1332 (11th Cir. 2005). Specifically, AAA Rules 7(a) & 7(b) provide:

> (a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement.

> (b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

AAA Commercial Arbitration Rules and Mediation Procedures Rule 7(a) & (b).

Applying the *Terminix* decision to the facts of the instant case, and keeping in mind the text of the AAA rules, the parties' incorporation of AAA rules into the Dispute Resolution Program at issue means that the parties did indeed contract around the general rule, clearly and unmistakably evidencing their agreement that the arbitrator – and not this court – should decide the issues the Plaintiff raised about its validity.

Therefore, the court finds that Defendant's motion to compel arbitration is due to be GRANTED. However, the court will DENY Defendant's motion to stay the proceeding, and, rather than stay the case, the court will DISMISS it WITHOUT PREJUDICE to reopening this case if necessary and appropriate based on the arbitration proceedings.

The court will enter a separate Order contemporaneously with this Memorandum Opinion.

Dated this 4th day of January, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE